**UNITED STATES of America**

v.

**Abraham MINKER, also known as Abe Minker.**

**Crim. No. 20368.**

United States District Court
E. D. Pennsylvania.

Oct. 25, 1961.

See also 191 F.Supp. 683.

Drew J. T. O'Keefe, U. S. Atty., Daniel J. Di Giacomo, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Stanford Shmukler, Philadelphia, Pa., Beasley & Ornsteen, James E. Beasley, Jerome E. Ornsteen, Philadelphia, Pa., for defendant.

KRAFT, Judge.

Following our denial of defendant's post-trial motions, D.C., 197 F.Supp. 295, and on the eve of the date fixed for imposition of sentence, defendant moved for a new trial on the ground of newly discovered evidence. Upon submission of the motion we fixed October 16, 1961, at 10:00 A.M., as the time for hearing thereon. Meanwhile, on October 3, 1961, defendant moved under F.R.Cr.P. 16, 18 U.S.C. for discovery and inspection of certain of the Government's trial exhibits. Specifically, defendant requested to have an expert examine certain adding machine tapes and adding machines for fingerprints for comparison with fingerprints of certain designated persons and, further, to have an expert examine certain adding machine tapes as well as the adding machines seized in the raids of October, 1959 and March, 1960 to determine, if possible, whether the numbers on the tapes were imprinted by any of those adding machines.

At a hearing on this intermediate motion counsel entered into a stipulation, approved by the Court, that the adding machines and tapes be delivered to the Federal Bureau of Investigation for examination and report.

At the hearing on the merits of the subject motion for new trial defendant offered as his witness a qualified agent of the Federal Bureau of Investigation, who testified that he had examined the tapes and could not obtain from any of them characteristic impressions adequate in number to enable him to identify any fingerprint sufficiently to permit a comparison with any of the designated standards. Defendant then offered as a witness another qualified agent of the same Bureau who testified that he had examined the numbers and symbols imprinted on the tapes as well as the adding machines which had been submitted; that certain of the machines were mechanically incapable of producing certain of the figures on some of the tapes; that one of the adding machines could have imprinted the figures and symbols on a number of the tapes, but that the number of identifiable characteristics was insufficient to permit the formation or expression of an expert opinion that this machine had done so. Defendant then rested his mo-

tion on this evidence and on the affidavit of Donna Nives appended to the motion.

We concluded then, after careful consideration, that the testimony of the two experts from the Federal Bureau of Investigation was wholly inconclusive and therefore inadequate for the purposes adduced. Further consideration only confirms our judgment.

Unsupported by the testimony of the experts, the defendant's motion must rest solely on its averments as purported to be supported by the affidavit of Donna Nives, defendant's daughter.

The critical allegations of the motion are that, on September 14 and September 22, 1961, in meetings in New York City attended only by one of defendant's attorneys, by Donna Nives, defendant's daughter, and by Alexander Fudeman, a nephew of defendant, Fudeman admitted that he purposely created, manufactured, forged and planted evidence which was material in the defendant's conviction; that at a third meeting on September 24, 1961, attended only by the same three persons, Fudeman further admitted that he forged the handwriting of the defendant by writing certain numerals on some of the adding machine tapes which were used in evidence at defendant's trial and which were material in his conviction. The affidavit of Donna Nives deposes that she was present at the three meetings held in Fudeman's New York City apartment when his alleged admissions were made.

At the hearing afforded defendant upon this motion, he made no effort to produce or call Alexander Fudeman or to offer his purported testimony; nor was any explanation offered for that failure. No representation was made that the alleged statements of Alexander Fudeman were true or were under oath; nor was any representation made that Alexander Fudeman would be called as a witness at a new trial of the defendant, or that, if called, he would so testify. Donna Nives was not called to testify and, in consequence, there is no testimony under oath and subject to cross-examination to establish that the statements at-

tributed to Fudeman were made or, if made, to describe the facts and circumstances which occasioned and attended the meetings. It is inferred that Donna Nives' knowledge of the truth or falsity of the statements attributed to Alexander Fudeman is hearsay.

It is manifest that defendant's evidence fell far short of that required to warrant the grant of a new trial on the ground of newly discovered evidence. United States v. Rutkin, 3 Cir., 1953, 208 F.2d 647, 649. Defendant not only failed to show that the evidence was "such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal" (Id., at page 649), but failed even to show by competent evidence upon hearing that the purported evidence did exist or that it was susceptible of production at a new trial. Accordingly, defendant's motion will be denied.